Good morning, Your Honors. May it please the Court. I am Justin Swidler, and I represent the plaintiffs and the certified class in this appeal. This is a case that asserts the violations of both Nebraska and the Federal Fair Labor Standards Act of a failure to pay minimum wage to a class of approximately 55,000 class members. This is the third time this case is before this Court. The first appeal the plaintiffs had prevailed and this Court reversed, finding an issue with the Scheduling Order Extension. In the second case, the District Court had misread the mandate. Werner had prevailed and this Court reversed. In this instance, Werner prevailed and we are again asking the Court to reverse. I am going to start with Werner's cross appeal because it is jurisdictional, so I think it is where the analysis begins. Let me just start with what the parties agree on. On January 10th, the Court entered final judgment in this case. On February 6th, the plaintiffs filed a timely motion under Rule 60B, which would withhold the time to file an appeal. On February 13th, the Court, ruling that the motion should have included a brief, filed an order denying the motion without prejudice to refiling within seven days and stating that if nothing was agreed, the plaintiffs filed the motion within the time frame provided by the Court with a brief. We agree that following that point, following Werner arguing that the time to appeal would have elapsed, arguing essentially that that order disposed of the Rule 60 motion, plaintiffs recognizing the ambiguity there, filed the motion to extend the time to appeal. The Court granted the motion to extend the time to appeal as well as the Rule 60 motion, giving us until, if it mattered that he granted it, 14 days. We filed within that 14-day period. So the first question is, does the Court have jurisdiction? That is both a legal question because part of our argument is the Court has initial jurisdiction even without the extension, and then to the extent an extension was needed, it then becomes an abuse of discretion standard. Now we did locate a case during preparation for oral argument that we did submit to the panel to understand if the panel has not reviewed it. It is a Sixth Circuit Court of Appeals case and the case is very much factually similar to this case. It is the case Lexon Insurance Company v. Nassar. It is at docket 781 F3, 335, Sixth Circuit, 2015. It is a published case. In that case, the litigant had filed the Rule 59 motion. It was beyond, I think, the page limit of the local rule. The Court struck the motion, gave the appellant, just like us, approximately seven days to refile. The appellant did so. In that case, the appellant did not file a motion to extend. So the only question before the Sixth Circuit was, does that motion, when it is denied without prejudice and then refiled, did that dispose of the motions for purposes of Federal Rule of Appeal 4A? The Court found it did not. Excuse me, the quote from the Court is, the day-counting premises of Lexon's arguments are correct, but one legal premise of them is not. The District Court did not dispose of Nassar's timely May 14 motion in its May 15 order, rejecting the motion as too long and giving Nassar seven days to resubmit. A disposition is a final settlement or determination, citing the Black's Law Dictionary. To dispose of a motion, the Court must act in a way that Here, because the Court had denied, in Nassar, because the Court had denied the motion without prejudice and specifically stated it would rule on the motion on the merits. It was not considered a disposition, therefore, per the Sixth Circuit's authority, told the statute automatically not requiring an extension. Now, first, I would urge this panel to adopt the Sixth Circuit's case. It's not had the opportunity to decide if it's an automatic extension. But also, this Court could decline to answer that, because it's not necessary to resolve this appeal. All this Court needs to do is determine if it has jurisdiction and has two basis to claim it. One is that we had 28 days following the ultimate grant of the Rule 60 motion. The other basis, though, is that there was ambiguity in whether the first order disposed of the motion. That ambiguity certainly supports the District Court's finding that there was excusable neglect in missing the deadline. This Court should not find that to be an abuse of discretion. The District Court went through the factors properly, analyzed each factor, and ultimately found that excusable neglect was present, as was good cause. In that situation, it's certainly not an abuse of discretion for the Court to have found that. And quite frankly, the Court was right. I mean, the Court, in its order, stated its intent was not to have disposed of the motion. The way it wrote the order was to advise the Court's litigants it wasn't disposing of the motion. The way plaintiffs interpreted the motion was that the Court did not dispose of the motion. And we only sought the extension when we realized that Warner disagreed with that premise and recognized the ambiguity. So if the Court doesn't have further questions about jurisdiction, I will move on to the merits. Okay. What about the Rule 6, whatever, that says the time to file a Rule 59e motion shall not be extended? Absolutely. How does that play into this, in your view? Absolutely. Well, certainly we filed the motion. It was filed timely. It was filed within the 28 days. The question, again, is did the order dispose of the motion, the order that denied it and said refile with a brief, or did it decide the motion? Well, if it didn't dispose of the motion, which is our primary argument, and we again cited to the Sixth Circuit case, then there was no extension. But more to the point, our motion was ultimately determined by the Court, I think correctly, to be a Rule 60b motion. So the Rule 60b motion was not filed untimely. Warner doesn't argue the 60b motion is untimely. They just argue it's out of time to automatically toll the statute for purposes of the appeal. Because obviously a Rule 60b motion can be filed out of time. But the Rule, to answer your Honor's question, because the first order did not dispose of the motion, refiling with a brief did not extend the time to file. So that is our argument. And it also demonstrates the Court's order, which say that if we refiled with a brief, it means inferred the time would be told. It doesn't even say the time for it to appeal would be told if we filed. What it does say is if we don't file, the time to appeal will begin at the date that first order was issued if we didn't file a brief. So inferring that if we did, it would be told, that's consistent with the Court not disposing of the motion, which is in complete compliance with the Federal Rule of Appeal 6. Are there any other questions about jurisdiction? No. Then getting to the merits of the appeal. As we show the Court, the District Court in this case dismissed on the merits a 55,000 person class essentially employing summary judgment, although it mainly did not state it was employing summary judgment. But determining that we did not have evidence to continue the trial, which is clearly in the exclusive province of Rule 56f, based on where the case was procedurally. The Court gave us no notice that it intended to dismiss the case prior to its issuance of its order. The Court gave us no opportunity to file any kind of responsive brief to the Court or to the defendant's letter brief, which requested dismissal of the case against the Court's very order, which authorized very limited briefing. So, Counsel, I think the question then is whether the notice argument was waived by not raising it in your post-judgment motion. Right. Well, there's two points, two waver. First is, we did object twice on the record. We objected before the Court issued the schedule. We cite the Court to where we specifically told the Court that if this was going to be a dispositive motion practice, more time would be needed. We objected when Werner requested the Court to dismiss our case in violation of the limited briefing that was requested by the Court. So, we did file two objections. Before I get to the point that we wouldn't have had an opportunity to object, I do want to point out that all the cases that this panel has previously held, I assume this Court has previously held, allow for waver of this argument were cases where there was no prejudice asserted. So, it appears to be the rule of this Court, the rule for the success is such an important point that letting it be given an opportunity to be heard prior to this case being dismissed without a trial, that if an objection is lodged at the appropriate time, it may not be necessary to show prejudice. Every one of those cases points out that one, there was no objection and two, during the appeal, no argument was made to show that they could have survived summary judgment had the Court followed the proper procedure. Here, we obviously argue to the Court there is prejudice. So, I don't believe it can be waived, but I want to also point out the timing of the Court's actions left no opportunity for waver. This is not a case where we stipulated to judgment following, which is one of the waver cases in the Eighth Circuit, we don't stipulate to the judgment. The Court entered judgment simultaneous with its order, which was the first time we knew the Court was dismissing our case. We were on no notice before then and the very order that would have put us on notice also entered judgment against us. So, for the Court to say there's waver in that instance would be the, this I believe would be the first time the Court would ever require a post-judgment motion be filed to protect against waver. The cases that talk about waver in this instance are talking about cases where the order on summary judgment comes, but not simultaneous with the judgment. We do not have an opportunity here to waive it. But beyond that, we didn't make two objections. All the cases in this Court have found is there has to be some objection made, it doesn't have to be formal, to the process to show that you put the Court on notice this was improper. We made two distinct objections, both obviously before the Court entered its order because we had no opportunity following it. And so, in that instance I don't believe the Eighth Circuit precedent holds that we've waived any argument here. Important here is we had evidence that could have survived a dismissal for numerous reasons. First, as we point out to the Court, while there obviously is strong disagreement between the parties about all of Plaintiff's expert reports, the first report was subject to a Dauber challenge prior to the first appeal and survived a Dauber challenge. Finding that the types of errors that Warner asserted were in the report were the types of errors that could be explored during rigorous cross-examination. And the Court specifically examined the report and specifically found it admissible under the standards of Dauber. Warner never appealed that decision and certainly has not appealed it to this Court today. So this Court would not have jurisdiction to overturn that order. Warner, in his reply brief, somewhat insinuates that this Court should find the first report inadmissible. But I think importantly here they recognize that the District Court never found that court case inadmissible. And even in the very order ultimately dismissing our case, the judge simply said that a prior order had found the report, quote, likely inadmissible. But leaving a speculative point, it was never actually found inadmissible. The judge was wrong because it was actually found to be admissible. But pointing out that even the dismissal order does not find the first report to be inadmissible. But the second problem is that even if the Court is inadmissible, where would that leave us if the plaintiffs don't have expert evidence? And the, you know, initially if you go back to 2014, when plaintiffs had sought to amend the scheduling order the Court allowed us to, which obviously has since been undone, Warner's primary argument against the, when they made a Dauber challenge against the first report, was that it should result in decertification. They said that without that we can't prove class-wide the damages. It would be a strange order of this Court to find that Mr. Philip Petrone, who worked for just several weeks for the defendant, can't prove his minimum wage claims through his own payroll and through his personal payroll records, which are on the, which are in the docket, and there's not many of them because he only worked there for a few weeks, his time records, which are only a few pages, and his own testimony. Of course he can prove his individual claim that way. Admittingly, whether 55,000 class members can or that overwhelms the class is probably an issue the Court would have to address if we didn't have an expert report, but it wouldn't dismiss the name plaintiff's claims, and here Warner's been awarded judgment on all the claims individual and class, in part because we did not have an opportunity to explain to the Court what should occur next if it excluded Kroon's supplemental report, which it did. In my very short time left before rebuttal, I do want to quickly move to Rule 37, unless the Court has any questions about sort of our initial points on Rule 56. No. The primary error, because I don't have a lot of time, that the Court made in its Rule 37 and echoed in its Rule 706 issue is the Court did not treat this motion it was handling as one to exclude evidence. It basically treated it as issuing terminating sanctions. The comparisons it draws, for example, the prejudice to Warner, is not whether Warner would have to protect against the first report, which actually asserts more damages against Warner, or the second report, which asserts less. It assumed it could throw the case out, and so the prejudice to Warner basically was winning the case or potentially losing the case. In fact, definitively losing the case because there was a summary judgment on liability already entered against Warner. That was the wrong analysis. The Court should not have determined in its Rule 37 analysis that its exclusion would automatically result in the termination of the case. In fact, it didn't result in that. It shouldn't have. Its entire Rule 37 analysis is infected by this misunderstanding. Similar to its Rule 706, it didn't want to appoint an independent expert in part because it believed it would be giving plaintiffs an ability to fill a gap, specifically no evidence on damages. But we had evidence on damages. We had the first report. In fact, the errors that Warner points to in the first report would be yet another basis to appoint an expert under Rule 706. So what appears to have happened is under Rule 37, although the Court addresses it as if it's exclusionary sanctions, it's really awarding terminating sanctions. And that is clear on how the Court considered what it was doing, and that's, in our view, why the Court abused its discretion under both Rule 37 and 706. I will save the rest of my time for rebuttal. Thank you. Thank you very much. Thank you. Good morning, Your Honors. May it please the Court. My name is Elizabeth Culhane, and I am appearing today on behalf of Appley's Warner Enterprises and Drivers Management, LLC. I'll begin with our cross-appeal as well. We are asking this Court to dismiss plaintiff's appeal for lack of jurisdiction. In the alternative, as I'll address later, we're asking this Court to affirm the district court's analysis. This Court should dismiss this appeal for lack of jurisdiction because plaintiffs did not file an appeal within 30 days of the district court's order denying their only timely-filed post-trial motion. The district court also failed. Ms. Culhane, I have a jurisdictional question about your cross-appeal. Was your notice of appeal timely? I think so, Your Honor, because we filed it within the time from which the district court within the time period from which the district court's order was entered. Okay. I thought 4A3 required it to be filed within 14 days. I guess, I believe that it was filed within the time required by the rules. I don't have that in front of me right now. I can certainly grab it and look if you'd like. Go ahead with your argument. Thank you, Your Honor. The district court entered judgment for Werner on January 10th of 2023. Twenty-seven days later, plaintiffs filed their first post-trial motion pursuant to Rules 59 and 60. However, because they failed to file a supporting brief, the district court denied that motion on February 13th, 2023. In that same order, the district court stated that they could file a legally compliant motion with a supporting brief within seven days. Seven days after that order and 41 days after the district court entered judgment for Werner, plaintiffs filed another post-trial motion, this time with a supporting brief. Rule 4 of the appellate rules makes clear that only a Rule 59 or Rule 60 motion filed within 28 days of judgment will toll the appeal deadline. And Rule 6 of the Rules of Civil Procedure confirms that a court cannot extend the time to file a Rule 59 or Rule 60 motion. Under these authorities, plaintiff's second post-trial motion, which was filed 41 days after judgment, did not further toll their appeal deadline. Plaintiff's first post-trial motion, which was filed on February 7th, is the only motion filed within 28 days of judgment and it's undisputed they did not file a notice of appeal within 30 days of the district court's February 13th, 2023 order denying their motion. Although the district court granted plaintiff's motion to extend their appeal deadline, I would submit to the court that the district court abused its discretion in doing so by misapplying this court's case law pertaining to the good cause and excusable neglect standards. In support of their motion to extend, plaintiffs relied on a misstatement in the district court's order which suggested that the time to appeal would only begin to run from February 13th if they did not refile their motion. Plaintiffs claimed that they relied on that misstatement in failing to file a timely appeal. And the district court concluded that plaintiff's reliance on its misstatement was essentially beyond their control and amounted to excusable neglect and good cause. I would submit to the court that that ruling was an error. Under Rule 4, a district court may extend the deadline only upon a finding of excusable neglect or good cause. But the good cause standard only applies in situations where the failure to file a timely appeal is due to circumstances outside the movement's control, such as when the postal service fails to deliver the notice of appeal. It doesn't apply here because plaintiff's failure to file a timely appeal is due entirely to factors within their own control. No actions prevented them from filing a notice of appeal within the 30-day time limit. Plaintiffs simply relied on the district court's misstatement in assuming they didn't have to comply with that deadline. Because no action by a third party prevented plaintiffs from satisfying the deadline, the good cause standard is inapplicable. The district court also erred in finding that plaintiffs established excusable neglect. That holding is contrary to the facts and the case law. This court has held that a party's failure to know and follow the rules will not establish excusable neglect. But that's exactly what occurred here. First, nothing prevented plaintiffs from filing a timely appeal. They simply chose to rely on the district court's statement. If plaintiffs had reviewed Federal Rule of Civil Procedure 6 or Federal Rule of Appellate Procedure 4, they would have identified the issue. Second, this court's holding in the Dill case confirms that reliance on a district court's misstatement of the law does not amount to excusable neglect. In that case, a litigant missed its appeal deadline after relying on an erroneous order by the district court that purported to extend the post-trial motion deadline. This court recognized that it might seem like a harsh result to dismiss the appeal where the appellant relied on a statement by the district court, but also recognized that litigants have an independent obligation to know and follow the rules. So just as this court recognized in Dill, plaintiffs' failure to know and follow the rules should not establish excusable neglect. And for those reasons, I would submit to the court that the district court abused this discretion in extending plaintiffs' appeal deadline, and this court should dismiss the lack of appellate jurisdiction. What about this Lexan Insurance Company case that's it's been brought to the court's attention? Is it that? Was it that situation virtually identical to what we have here? And how do you distinguish it? I apologize. I didn't mean to interrupt you. Thank you, Judge Shepard. Your Honor, I recognize that there is that case law from the Sixth of whether this type of order would qualify as a disposition of the motion. I would refer Your Honor to the ITEC case that's cited in our brief, which is a Fifth Circuit case that went the other way on the issue. You know, from our perspective, the order from the district court that was entered on February 13th, it denied the motion. And I recognize that it gave plaintiffs leave to refile, but there's no question it was a denial. It was not a motion to strike. It was not an order striking it. It was not an order holding it in abeyance. Pending supplementation with an appropriate brief, it was a denial of the motion. So, from our perspective, I think it does dispose of the motion such that it should start the appeal running. Well, the district court here I think sort of acknowledged that it wasn't thinking about Rule 6B. So, if the court itself enters an order, as it did in this case, granting seven additional days, why isn't that certainly excusable if the court itself takes some action that indicates that something filed within that additional time will be timely? Well, there, Your Honor, I think the reason is because what the Dill case and the Supreme the court can't extend the deadline to file a post-trial motion such that it would further toll the appeal deadline, not under the pursuant to the type of motion that was filed here. And so, the fact that the court purported to do so when the rules make clear he didn't have authority to do so doesn't expand the court's jurisdiction and also doesn't provide a basis for finding excusable neglect because litigants have an independent obligation to know and follow the rules. Does that answer your question, Your Honor? Thank you. Turning to the merits of plaintiff's appeal, in the alternative, if this court concludes that it has appellate jurisdiction, we would ask the court to affirm the district court's analysis. This case was remanded back in 2022 for consideration of two issues. One, an analysis of the Rule 37C factors to determine whether some sanction less than exclusion was for the belated submission of plaintiff's expert report. And two, for an analysis under Rule 706 of whether the court should appoint an expert for a plaintiff's case. The district court properly evaluated the Rule 37 factors and did not abuse its discretion in determining the untimely career report should be excluded because most relevant factors weighed in favor of exclusion. This court reviews the district court's Rule 37 analysis for abuse of discretion and plaintiffs cannot show such an abuse here. First, the district court applied the correct legal standard, cited Rule 37C, and numerous Eighth Circuit cases applying the Rule 37C factors. Rule 37C recognizes, the district court recognized that Rule 37C requires sanctions unless the failure to timely disclose was substantially justified or is harmless. The district court correctly found it was neither and his analysis is entirely consistent on those factors with this court's holdings in Patron, in the first appeal, Patron 1. First, the district court did not abuse its discretion in concluding they failed to establish substantial justification for their untimely disclosure. He correctly recognized that plaintiff's expert simply failed to identify the errors in his own report until we pointed them out. And as a result, plaintiffs are solely responsible for their failure to supply the information by their deadline. They argued that they submitted an untimely report because they wanted to correct his errors, but that doesn't explain his failure to identify those errors before their deadline. The district court also correctly recognized that permitting use of the late disclosed report was not harmless. We relied on the monumental flaws in the original report to develop our strategy for motion practice and for the original trial, which was predicated primarily on their lack of admissible evidence of damages. As a district court recognized, we had to duplicate efforts when they were granted a do-over back in 2014, but the district court also recognized that the true harm to us stemmed from the fact that we struck what should have been a fatal blow to their case when we identified those monumental errors back in 2014. Even though the district judge originally assigned to the case recognized that those errors rendered Mr. Kroon's first report likely and admissible, he didn't grant our pending Daubert motion. Instead, he denied it without prejudice and granted them leave to use the untimely Kroon report. The district court here correctly recognized that that was an unfair maneuver and was not harmless to Werner. The district court also correctly evaluated the surprise and prejudice factors. He noted again that Werner had already suffered prejudice because we should have won the case back in 2014. He correctly noted that Werner would suffer further prejudice if plaintiffs were allowed to use the corrected Kroon report at a new trial because plaintiffs would be granted leave to offer admissible expert testimony, which they otherwise lacked. The district court also did not abuse this discretion in concluding that it would disrupt the orderly and efficient trial process if plaintiffs were allowed to use the corrected Kroon report at this late date. This case was originally filed in 2011. All case deadlines expired in 2014. To grant a new trial at this stage would require reprogressing the entire case. The district judge clearly did not abuse his discretion deciding this factor weighed in favor of exclusion. Plaintiffs argued the district judge considered the age of the case as a standalone factor, but I think that's belied by his order. He considered it as one piece of his analysis of this factor, which is clearly appropriate under the cases cited by the district court. Lastly, the district court did not, he acted within his discretion in concluding that the importance of the testimony did not tip the balance away from exclusion. He recognized that exclusion is the default sanction under Rule 37, and this court has previously affirmed the exclusion of evidence as a sanction under Rule 37, even where that evidence was critical to the party's case. And I would refer the court to the Vandenberg case, which is one of your opinions, Judge Gras. Consistent with this case law, the district court did not abuse discretion in evaluating this factor. Plaintiffs are just wrong when they argue in their brief that the district court didn't consider the nature of the case. The district court expressly stated in his order that this is a wage and hour case, asserting claims for unpaid minimum wages, but he also recognized that plaintiffs still bear the burden to prove damages. Plaintiffs' argument in this regard is also flawed because it is based on the Anderson versus Mount Clemens line of cases, and based on that, plaintiffs argue the district court had to fashion a remedy. But that case doesn't apply here. Anderson versus Mount Clemens says that where an employer has failed to keep accurate records of the uncompensated time at issue, such that the employees are unable to prove the precise amount of their unpaid wages, they will not be denied recovery. That's not what happened here. Plaintiffs' inability to prove their damages doesn't have anything to do with the state of order's time records. Plaintiffs found themselves unable to prove their damages because their expert made multimillion-dollar errors in his first report, which we identified during his first deposition. The district court did not abuse its discretion in rejecting these arguments. For those reasons, plaintiffs have not shown an abuse of discretion with respect to the Rule 37c factors. What about this argument, though, that Patron could still prove his damages without the expert? Well, Your Honor, I think with respect to the decertification issue, which is what you're getting at, Your Honor, I think that argument was waived because plaintiffs didn't raise that They never raised this argument about summary judgment or about decertification, and this court found back in Patron 2 clearly found that plaintiffs could not prove their damages without expert testimony. So what the district court did was entirely consistent with this court's mandate in Patron 2. This court remanded the case for consideration of two questions, 37c analysis and Rule 706. And after concluding, following both of those analyses, the plaintiffs had no admissible expert evidence on damages. The district court dismissed the case, denied plaintiff's motion for a new trial, and dismissed the case as a class action. This case was tried as a class action, and it was appealed as a class action. It was litigated for 12 years as a class action. And now, after having filed two separate post-trial motions in district court, neither of which raised this decertification argument, plaintiffs argued to this court that the district court shouldn't have dismissed the case, and they were caught unaware when the district court did so, and the court should have decertified. Plaintiffs want another do-over. Twelve years after this case was first filed, and without having raised the issue in the district court, they now want you to send it back so they can file 50,000 separate cases in the district court and do it again. That's not consistent with this court's previous orders, and it's not consistent with the notice to class members. When the case was certified, a notice was issued to class members, and they were advised that they could opt out of the class, and if they didn't do so, they would be bound by liability ruling that they obtained on summary judgment on the short respite claims, but now they want to escape the benefit of this court's unfavorable ruling in Patron 2 that they need expert testimony to prove damages. So I would submit to the court that the decertification argument was clearly waived by not raising it in the district court, and it's also inconsistent with this court's case law. Similarly, their argument that the district court erred in grain and summary judgment was waived because they didn't raise that issue in the district court. Would you agree that if it was not waived, it's reversible error? Your Honor, I don't think it's reversible error here because I think even if it was not waived, as we've outlined in our brief, the end result is they had no admissible evidence on damages, and because they had no admissible expert, this court already found they need admissible expert testimony on damages to prove their claims, and at the end of the day, the district court did not abuse its discretion under Rule 37 or Rule 706 in reaching the conclusion that they don't have admissible expert testimony on damages. And as a result of that, they cannot move forward on their claims, and so it's not reversible error, I don't think. But I do think it's clearly waived under the case law that we outlined in our brief because, again, I understand the district court entered judgment at the same time that he denied their motion for a new trial, but they then filed two separate post-trial motions, and this court has said that it's clearly waived if you don't raise the issue in the district court after the summary judgment ruling. That's what this court has said, and so I think there's no question that it's waived here, and they don't address the post-trial motion issue in their brief. We raised the issue that they failed to bring this to the attention of the court. I think they also claim that they sufficiently objected prior to entry of the order. Yeah, I recognize that Mr. Swither has made that argument, but I think once they were clearly on notice by the time he entered the order, and there's no justification that I can see for not raising either this decertification or summary judgment argument in one of the two post-trial motions that they filed with the district court. So, again, I think it's inconsistent with this court's case law, which is cited in our brief, where this court held that at a bare minimum, you need to raise the issue in the district court after the ruling has been made, and they filed two separate motions in which they asked the court to revise and amend the judgment the court had entered. In neither of those motions did they unaware that the district court was going to dismiss the case or that the court should have somehow decertified. I don't think those arguments are consistent with the prior holdings from this court, and I do think they've both been waived. And lastly, I would just briefly address the Rule 706 analysis, which the other issue for which this court remanded the case was for consideration whether the court should appoint an expert under Rule 706 if the current report was stricken. I think the district court's analysis of the Rule 706 issue is detailed and consistent with the case law. I think the district court correctly recognized that Rule 706 does not authorize the appointment of an expert to fill a gap in the plaintiff's case, and I think the court's holding in that regard is totally consistent with this court's prior case law, including the Marmo v. Tyson Fresh Meats case, where this court held that fairness doesn't require that you get a new expert if your original expert is struck. So I would submit to the court that there's also no abuse of discretion with respect to the Rule 706 analysis. For those reasons, we would ask this court if the court finds that it has appellate jurisdiction to affirm the well-reasoned and thorough opinion of the district court. Thank you, Your Honor. Thank you. Mr. Swidler, your rebuttal. Thank you, Your Honors. I'm going to start with the waiver question just one more time. Had the court given us an opportunity to be heard and how we brought our evidence to the court, including the Kruen's first report and the point that Mr. Patron could prove his damages individually, and the court ultimately issued the same ruling, it ruled it through the case out, we would be here making the same arguments, which is why when there is prejudice, you don't need to waiver. It does not even come into the picture. If we had the opportunity to respond. But is it really fair to, having litigated this as a class action for umpteen years now, is it fair now to go back and say you can file 50,000 individual cases? Well, Your Honor, I think the question is, you know, going back even to 20, I mean, they're saying for all the years it's been. Ultimately, because the court decided that we couldn't amend our expert report, excuse me, could not amend the scheduling order in Rule 16, there's been a number of appeals. But really, that was two or three years after it was filed. So it was set back that long. And the report was ultimately, I mean, Warner's original application was because they thought the first report was inadmissible. And they, well, I'll get back to, because they thought the first report was inadmissible and because they did not think we should be allowed to amend it, it should be decertified. That was Warner's argument. Now, many years later, they don't want to have that argument in part because, you know, obviously they want to have a class-wide judgment. I can understand that. But ultimately, there is no class-wide judgment. The only class-wide thing that happened in this case is a class-wide liability summary judgment holding that Warner violated the law. And that was issued in 2015. And it's never been appealed, which is why the trial was on damages. So that's the class. Now, if there is no evidence for class-wide damages, is it because the class did not get harmed? Well, no. The named plaintiff himself has damages under the Rules Enabling Act. And under Bofaccio, as we explained to the court, the rules of evidence don't change for Mr. Patron's individual claim. I mean, Rule 23 is a claim processing rule. He has a right to have his individual claim heard, regardless of whether he acts as a representative. Rule 23 requires that any time before final judgment, the court can change the certification, and in fact is required to, if it determines Rule 23 is no longer met. Now, I believe Rule 23 continues to be met. I mean, as we point out, Kroon's first report was held admissible. I heard the defendant say that the original judge, Judge Strom, found the report to be likely and admissible. It's a misstatement. It was actually Judge Smith-Camp many years later. But more to the point, in the 2014 order where he amended the scheduling order, he insinuated the first report. One of the reasons he amended it is he did say that amending the scheduling order may be necessary for the disposition of the case. But in an order issued a year later, when he had both reports before him and when he had opposition to Daubert, which he didn't have because he struck that motion as moot at that time, or denied, I should say, he found the first report admissible. He found it met the standards. That order has never been reversed. So we have class-wide evidence. One of the reasons we bring this to the court's attention is if it remains and if it decides that Warner hasn't waived, and we believe Warner's waived the issue of the first report, they should have been raised in the first appeal. It is law of the case. But to the extent Warner's allowed to challenge the first report, and to the extent the new district judge disagrees with Judge Strong, then that still doesn't end it. And we just don't want to be here a fourth time. So we're starting to try to highlight some of the issues that need to be dealt with before a final judgment is reached in this case. So that's why we brought it up. Getting back to, I think, Rule 706 and Rule 37, I heard Ms. Colhane state that Anderson v. Mount Clements has nothing to do with this case. And I just want explain to the court, and in part because Kroon's first and second reports are not before the court right now, the errors that Warner claims occurred in the first report were Mr. Kroon's reliance on defendants' time records, where defendant contends in deposition the records should not have been relied on because they had errors, because they may have been overlapping in some way. That is the basis of the most significant challenge they made to Mr. Kroon's report, that he relied on certain time records of Warner that they believed he should not have relied on, which is why it is a Mount Clements question. If they had accurate, precise time records, the methodology employed by Mr. Kroon was always you look at all the time it says they've been working. You add the time they admit they didn't pay for, the rest breaks that are compensable. You look at the weekly pay. You figure out what the hourly rate is based on an averaging, which is what the FLSA requires. And if it's under $7.25 an hour, then you find damages. That methodology is correct. The issue that came up was whether he should have relied on certain time records, which Warner said he should not have. So Mount Clements is clearly applicable. I think the most important point here is we were dismissed without notice for 55,000 class members, which is improper. And so we ask the court to reverse and remand. Thank you. Very well. Thank you, counsel.